UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIE INCAMMISA,

       Plaintiff,                                         Hon. Richard Alan Enslen

v.                                                          Case No. 1:07-CV-105

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.

The Commissioner determined that Plaintiff is not disabled as defined by the Act. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, I recommend that the Commissioner's decision be **affirmed**.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 33 years of age at the time of the ALJ's decision. (Tr. 19, 61). She completed one year of college and worked previously as a graphic artist and production assistant. (Tr. 79-81, 451).

Plaintiff applied for benefits on December 15, 2005, alleging that she had been disabled since October 28, 2004, due to chronic abdominal pain and frequent diarrhea. (Tr. 61-63, 95, 439-41). Plaintiff's applications were denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (Tr. 20-43, 434-38). On August 22, 2006, Plaintiff appeared before ALJ Michael Finnie, with testimony being offered by Plaintiff and vocational expert, Michelle Ross. (Tr. 445-74). In a written decision dated October 12, 2006, the ALJ determined that Plaintiff was not disabled as defined by the Act. (Tr. 14-19). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 5-8). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## MEDICAL HISTORY

**Abdominal Impairment**

On February 13, 2002, Plaintiff underwent an "appendectomy with exploration," following "a one-week history of lower abdominal pain." (Tr. 178-79). Plaintiff's appendix was "normal" and doctors discerned no evidence of abdominal abnormality. *Id.* A CT scan of Plaintiff's pelvis and abdomen, performed the following day, revealed no evidence of abnormality. (Tr. 407). On May 1, 2002, Plaintiff participated in a colonoscopy examination, the results of which were "normal." (Tr. 392).

On October 27, 2004, Plaintiff reported to the emergency room complaining of abdominal pain. (Tr. 188-89). Plaintiff was "somewhat tender in the low abdominal area," but the results of a physical examination were otherwise unremarkable. (Tr. 189). The results of a CT scan were unremarkable. (Tr. 186). Plaintiff was diagnosed with "abdominal pain of undetermined etiology" and discharged home. (Tr. 189).

On November 15, 2004, Plaintiff participated in an upper GI examination, the results of which were "normal." (Tr. 184). On November 18, 2004, Plaintiff participated in a colonoscopy examination, the results of which revealed a "normal colon." (Tr. 182).

On January 31, 2005, Plaintiff participated in an esophagogastroduodenoscopy examination. (Tr. 387). This examination revealed the presence of a one centimeter gastric ulcer, but otherwise revealed no evidence of abnormality. *Id.*

On July 7, 2005, Plaintiff was examined by Dr. Warren Ketterling. (Tr. 233-35). Plaintiff reported that she was experiencing abdominal pain. (Tr. 233). An examination revealed "diffuse tenderness over the lower abdomen to palpation," but was otherwise unremarkable. (Tr.

234).  Plaintiff participated in upper and lower endoscopies, a colonoscopy, an upper GI small bowel x-ray, as well as CT scans of her abdomen and pelvis.  (Tr. 209, 214).  The results of these examinations revealed "no GI or abdominal cause of her discomfort."  (Tr. 212, 214, 234).

**Non-Exertional Impairment**

On October 12, 2004, Plaintiff began counseling with Thomas Fuller, Ph.D. (Tr. 265, 267).  Plaintiff reported experiencing "severe" abdominal pain, as well as feelings of sadness, irritability, hopelessness, and worry.  (Tr. 263, 267).  Plaintiff also described "a history of rare but recurring episodes of 'totally losing it' [with] irritability and temper outbursts."  (Tr. 263).  On January 12, 2005, Dr. Fuller offered the "provisional" diagnosis that Plaintiff was suffering from "bipolar II."  (Tr. 262).  The doctor further noted that Plaintiff was experiencing "depression w/ illness."  (Tr. 260).  Plaintiff continued treating with Dr. Fuller on a regular basis.  (Tr. 247-59).

On March 14, 2005, Plaintiff was examined by Dr. Robert Holwerda pursuant to a referral from Dr. Fuller.  (Tr. 274-78).  Plaintiff reported that she "wondered" about bipolar disorder because of the mood swings she allegedly experiences.  (Tr. 274).  The results of a mental status examination were unremarkable.  (Tr. 277).  The doctor diagnosed Plaintiff with bipolar II disorder and rated her GAF score as 55.  (Tr. 277-78).

On January 10, 2006, Dr. Fuller completed a report regarding Plaintiff's condition.  (Tr. 243-44).  The doctor reported that Plaintiff suffered from bipolar I and adjustment disorder with depressed mood.  (Tr. 244).  He rated her GAF score as 60.  *Id.*  Dr. Fuller also completed a Mental Residual Functional Capacity Assessment form regarding Plaintiff's limitations in 20 separate categories encompassing (1) understanding and memory, (2) sustained concentration and persistence,

(3) social interaction, and (4) adaptation. (Tr. 245-46). The doctor reported that Plaintiff was "not significantly limited" in any category as a result of her mental impairments. *Id.* The doctor further reported that:

> This patient does have bipolar disorder, but it is well controlled. She is not work impaired due to this condition. Her work-related handicaps are from a severe abdominal pain syndrome which is not medically controlled.

(Tr. 246).

Plaintiff continued to treat with Dr. Fuller through June 7, 2006, during which time the doctor continued to report that Plaintiff suffered from depression/adjustment disorder and bipolar disorder, which were "well controlled." (Tr. 364-73).

**Administrative Hearing**

At the administrative hearing, Plaintiff testified that suffers from "constant" abdominal pain which confines her to bed for as long as three days at a time. (Tr. 453). Plaintiff then testified that on a scale of 1-10, her abdominal pain averages "probably about a five." (Tr. 453-54). Plaintiff also reported that she only occasionally takes pain medication. (Tr. 454). Plaintiff testified that her bipolar disorder was not disabling. (Tr. 458). Plaintiff asserted that she was disabled as a result of her abdominal pain. (Tr. 463).

## ANALYSIS OF THE ALJ'S DECISION

### A. The ALJ's Decision

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1420(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945. The ALJ determined that Plaintiff did not suffer from a severe impairment. (Tr. 16). As noted above, a claimant who does not have a "severe impairment" will not be found "disabled." Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act.

### B. The ALJ's Decision is Supported by Substantial Evidence

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable

---

[1]  1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

  2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

  3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

  4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

  5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.

As noted above, the Commissioner has established a five-step disability determination procedure. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof). As previously noted, the ALJ denied Plaintiff's request for benefits at step two of the sequential process, having determined that Plaintiff did not suffer from a severe impairment.

A severe impairment is defined as "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities," 20 C.F.R. § 404.1520(c), and which lasts or can be expected to last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Basic work activities include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b); *see also*, *Despins v. Commissioner of Social Security*, 2007 WL 4462369 at *5 n.2 (6th Cir., Dec. 14, 2007).

An impairment is less than severe if it is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's

ability to work, irrespective of age, education and work experience." *Williamson v. Secretary of Health and Human Services*, 796 F.2d 146, 151 (6th Cir. 1986) (citations omitted).

While the record indicates that Plaintiff has long complained of abdominal difficulties, the objective medical evidence has consistently failed to uncover any medical impairment which could reasonably limit Plaintiff's ability to perform basic work activities. Plaintiff's care providers have instead consistently concluded that there exists no explanation for Plaintiff's allegations of severe symptomatology. As for Plaintiff's alleged mental impairment, Plaintiff's care providers have concluded that Plaintiff "is not work impaired" due to such. Plaintiff testified that she agrees with this conclusion. As noted previously, at step two of the sequential process Plaintiff bears the burden of demonstrating that she suffers from a severe impairment, as that term is defined by the authority identified above. For the reasons discussed herein, the Court finds that the ALJ's decision that Plaintiff does not suffer from a severe impairment is supported by substantial evidence.

## **CONCLUSION**

For the reasons articulated herein, the undersigned concludes that the ALJ's decision adheres to the proper legal standards and is supported by substantial evidence. Accordingly, it is recommended that the Commissioner's decision be **affirmed**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: January 17, 2008

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge